UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BRANDON MORRIS** | **CIVIL ACTION NO. 3:19-cv-00266** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GRAPHIC PACKAGING INTERNATIONAL, LLC** | **MAG. JUDGE KAREN L. HAYES** |

**STATEMENT OF UNCONTESTED MATERIAL FACTS**
**SUBMITTED BY GRAPHIC PACKAGING INTERNATIONAL, LLC**

NOW INTO COURT, through undersigned counsel, comes Graphic Packaging International, LLC ("GPI"), Defendant herein, pursuant to Rule 56.1 of the Local Rules for the United States District Court for the Western District of Louisiana, and hereby submits its statement of uncontested material facts.

1. GPI contracted with M. L. Smith, Jr., LLC ("M. L. Smith") to perform the rebuild of the black liquor reclaim tank at GPI's facility near West Monroe, Louisiana. *See generally* Petition for Damages at Paragraph 8; Answer of GPI at Paragraph 8; Affidavit of Peggy Gross ("Gross Affidavit").

2. The Section 13 of the General Terms and Conditions of the contract between GPI and M. L. Smith contained provisions specifically stating that GPI was the statutory employer of M. L. Smith employees under the provisions of La. R.S. 23:1061 (A)(3). *See generally* Gross Affidavit, Exhibits "A" and "B".

3. On the date of the alleged incident herein, February 2, 2018, Plaintiff, Brandon Morris ("Morris") was employed by M. L. Smith and was working within the course and scope of his employment with M. L. Smith on the black liquor reclaim tank project at the time of the alleged incident. *See generally* Petition for Damages at Paragraphs 2, 3 and 7; GPI Answer at Paragraphs 3 and 4.

4. Morris has alleged that he was injured by fluid material that caused chemical burns to his feet while working on the rebuild of the black liquor reclaim tank. *See generally* Petition for Damages at Paragraphs 3, 4 and 5.

5. The black liquor reclaim tank is a part of the continuous process whereby black liquor is recycled by the kraft pulping recovery process in order to recover chemicals for future use, lower environmental effluent amounts and produce steam and power for the plant process. *See generally* Affidavit of Ken Meissner ("Meissner Affidavit").

6. The black liquor reclaim tank allows the recovery process to be a continuous process as large amounts of black liquor are produced by the pulp making process on a daily basis and the tanks are necessary to provide temporary storage for the material as it is being recycled in the recovery process into its separate constituents for use in the pulp making process or for generation of pulping chemicals, steam and power. *See generally* Meissner Affidavit.

7. The black liquor reclaim tank is a necessary part of the pulp making and recovery process which is essential to the kraft pulp process and necessary for the production of GPI's paperboard products. Meissner Affidavit at Paragraphs 4, 6 and 7.

        Respectfully submitted,

        SHOTWELL, BROWN & SPERRY,
        A Professional Law Corporation
        1101 Royal Avenue (71201)
        P. O. Box 14140
        Monroe, Louisiana 71207-4140
        Telephone: (318) 388-4700
        Facsimile: (318) 388-4736
        Email: camiii@centurytel.net

        By:_____s/C. A. Martin, III_____
            C. A. Martin, III   No. 8970

        Attorneys for Graphic Packaging International, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Statement of Uncontested Material Facts Submitted by Graphic Packaging International, LLC was filed electronically and served by operation of the Court's CM/ECF system on this 10th day of September, 2019, on the following counsel of record:

> John F. Bruscato
> The Bruscato Law Firm
> 709 Arkansas Avenue
> Monroe, Louisiana 71202
> john@bruscatolaw.com
>
> Jennifer L. Simmons
> Joseph L. Schrempp
> Melchiode Marks King LLC
> 639 Loyola Avenue, Suite 2550
> New Orleans, Louisiana 70113
> jsimmons@mmkfirm.com
> jschrempp@mmkfirm.com

>                    s/C. A. Martin, III
>              C. A. Martin, III   No. 8970