UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

BRANDON MORRIS  CIVIL ACTION NO. 3:19-cv-00266

VERSUS  JUDGE TERRY A. DOUGHTY

GRAPHIC PACKAGING  MAG. JUDGE KAREN L. HAYES
INTERNATIONAL, LLC

AFFIDAVIT OF PEGGY GROSS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
BY GRAPHIC PACKAGING INTERNATIONAL, LLC

STATE OF LOUISIANA

PARISH OF OUACHITA

BEFORE ME, the undersigned Notary Public in and for the parish and state aforesaid, personally came and appeared PEGGY GROSS, who after being duly sworn, did depose and state as follows:

1. My name is Peggy Gross and my position is Buyer II Mill for Graphic Packaging International, LLC ("GPI") at its paper mill facility located near West Monroe, Ouachita Parish, Louisiana.

2. As a part of my duties for GPI, I am responsible for purchase orders and purchasing issues with regard to GPI's West Monroe paper mill facility, including, but not limited to the recovery area.

3. That attached hereto as Exhibit "A" is the Purchase Order No. 4504845349 to M L Smith Jr. Inc. dated January 2, 2018 for the demolition and rebuild of the evaporator area black liquor reclaim tank.

4. That the Graphic Packaging International, Inc. General Terms and Conditions are a

standard part of the Purchase Order and are attached to Purchase Order No. 4504845349 to M L Smith Jr. Inc.

5. That the designation for M L Smith Jr. Inc. on the purchase order was the old name for the contractor which is now known as M L Smith Jr., LLC and that M L Smith Jr., LLC is the entity that the purchase order was directed to, did the work and was the entity that was paid by GPI.

6. That attached hereto as Exhibit "B" is one of the invoices from M L Smith, Jr. LLC for the black liquor reclaim tank project which clearly states the work being performed was by M L Smith, Jr. LLC and was under Purchase Order No. 4504845349, and that GPI paid M L Smith, Jr. LLC under the attached invoice and in accordance with Purchase Order No. 4504845349.

7. Further Affiant sayeth not.

_____
PEGGY GROSS

SWORN TO AND SUBSCRIBED before me, Notary Public, on this 9th day of September, 2019 in Ouachita Parish, Louisiana.

_____
NOTARY PUBLIC
C. A. Martin, III   Bar No. 08970

 **PURCHASE ORDER**   Page 1 of 2

**Graphic Packaging INTERNATIONAL**

PLEASE MAIL ORIGINAL INVOICE AND SUPPLY COPY OF FREIGHT BILL WHEN FREIGHT TERMS ARE "PREPAY AND ADD"

Send Invoices to:
Attn: Accounts Payable
Graphic Packaging International Inc.
PO Box 35800
West Monroe, LA 71294-5800
TEL: 318-362-2875
Invoices only: apinvoices@graphicpkg.com
(PDF or Tiff only)

| | |
|---|---|
| ORDER DATE | JAN 02, 2018 |
| PURCHASE ORDER NO | 4504845349 |
| CHANGE NO  TO PO NO | 4504845349 |
| CONTRACT REFERENCE NO | |

THE PO NUMBER MUST APPEAR ON ALL PACKAGES, SHIPPING DOCUMENTS, INVOICES AND CORRESPONDENCE. QUANTITY AND UNITS AS SHOWN BELOW MUST APPEAR ON INVOICES AND PACKING LIST.

**VENDOR:**
M L SMITH JR INC
2338 HIGHWAY 33
RUSTON LA 71270-3294
USA
PHONE: 318-255-4474
FAX: 318-255-8661
SAP Vendor No: 21236

**SHIP TO:**
Graphic Packaging International Inc
West Monroe Mill (Plant 0031)
1000 Jonesboro Road
West monroe LA 71292
ATTN : RubleC

| SHIP VIA | SHIPPING TERMS | PAYMENT TERMS |
|---|---|---|
| | DeliveredPlace (foreign loc) | Net 90 days |

| BUYER | VENDOR MEMO |
|---|---|
| GROSSP | |

| ITEM | QUANTITY | UNIT | MATERIAL/SERVICE MASTER  VENDOR MATERIALNO SHORT TEXT/PURCHSE ORDER TEXT | DEL. DATE | UNIT PRICE | PER | ORD UNIT | EXTENDED TOTAL |
|---|---|---|---|---|---|---|---|---|
| 10 | 1.000 | JOB | Demo & rebuild evap area liq reclaim tnk<br>Provide materials, labor and supervision to demo and rebuild the evap area black liquor reclaim tank on a 5 days/week, 10 hr shifts schedule per MLS Quotation Number S-02681-08-W (Rev. 2)<br><br>Start date will be coordinated with contractor as design and drawings are submitted and approved, but will begin approximately by the end of January 2018.<br>WBS Elmt.    31-17-026.C.1<br>Recipient          Requisitioner<br>RubleC              RubleC<br>Item tax<br>Line Item Total | MAR 02, 2018 | 168600.00 | 1 | JOB | 168,600.00<br><br><br><br><br><br><br><br><br><br><br><br>0.00<br>168,600.00 |
| | | | Total net item value<br>Total item tax<br>Total | | USD<br>USD<br>USD | | | 168,600.00<br>0.00<br>168,600.00 |

BUYER - _____
         Peggy Gross

INSTRUCTIONS TO SELLER: THE CLAUSES PRINTED ON THE ATTACHMENT HEREOF AND ANY SUPPLEMENTAL CONDITIONS ATTACHED HERETO ARE ESSENTIAL TERMS OF THIS ORDER.

REFER PURCHASING INQUIRIES TO:
NAME: Peggy Gross
TEL: 318-362-2604
FAX: 318-362-2838
EMAIL: peggy.gross@graphicpkg.com


EXHIBIT A

## GRAPHIC PACKAGING INTERNATIONAL, LLC.
## GENERAL TERMS AND CONDITIONS

In the following General Terms and Conditions, Graphic Packaging International, LLC is referred to as "Buyer" and the addressee named herein is referred to as "Seller".

Acknowledgement, shipment or performance of any part of this Purchase Order will constitute acceptance by Seller of all Terms and Conditions hereof, including all documents incorporated herein by reference, without reservation, and shall constitute the entire agreement between the parties superseding all prior agreements relating to the subject matter hereof. Buyer hereby specifically objects to any alteration of this Purchase Order or to any additional or different terms or conditions set forth in any communication from Seller. In the event of any inconsistency between these General Terms and Conditions and those elsewhere set forth herein or any supplemental conditions attached hereto, the face or such supplemental conditions shall prevail.

**SECTION 1: CHANGES AND TERMINATION:** Buyer may by written Change Order make any changes in this Purchase Order, including additions to or deletions from the quantities of items or services ordered or in the designs, specifications, or delivery schedules, but no additional charge will be allowed unless authorized in writing by Buyer. If any such change affects the delivery schedule or the amount to be paid by Buyer, seller shall notify Buyer immediately and negotiate an adjustment. Buyer may at any time, by written Change Order, terminate this Purchase Order as to all or any portion of the items then not shipped or services not performed, subject to any equitable adjustment between the parties as to any work or materials then in progress, provided that such adjustment shall not include any amount for anticipatory profits nor any costs with respect to any items which are Seller's standard stock. Any exchange of information or advice between the parties shall not authorize Seller to change the items or services purchased hereunder or the provisions of the Purchase Order unless incorporated as a written Change Order in accordance with this section.

If Seller is in default in delivery or otherwise or has breached any terms or conditions of this Purchase Order, Buyer may terminate this Purchase Order in whole or in part without any adjustment and, in addition to any other remedy provided by law, may procure items or services, similar to those as to which this Purchase Order is terminated and Seller shall be liable to Buyer for any costs for such similar items or services in excess of the price or prices specified herein, provided, however, that Seller shall continue the performance of this Purchase Order to the extent not terminated by Buyer.

**SECTION 2: INSPECTION:** Buyer shall have the right, but not the obligation, to inspect, either upon receipt or, upon reasonable notice, at any location, all items and services or work in process and to reject those which do not conform to Buyer's specifications, or if not so specified, which do not conform to standard specifications. All costs incurred and damages sustained by Buyer as a result of rejections made under the provisions hereof shall be for Seller's account and Buyer may make returns to Seller at Seller's expense. No such inspection by Buyer shall in any manner affect any of the warranties of Seller or constitute a waiver of any of Buyer's rights hereunder or otherwise, and all items and services are subject to Buyer's inspection and right to reject notwithstanding prior payment.

**SECTION 3: INDEMNITY:**
A. Seller shall indemnify, defend, protect and hold harmless Buyer, its employees, agents, servants, successors and assigns from and against any and all losses, damages, injuries, claims, demands, expenses, including legal fees and expenses, of whatever nature, arising out of the condition (including, but not limited to, latent and other defects and whether or not discoverable by it) of any item sold to Buyer under this Purchase Order, or arising out of acts or omissions of Seller in performance of its obligations hereunder, or arising out of the performance of any services by or on behalf of Seller for Buyer resulting in injuries to or death of any person or persons or damage to any property occasioned by acts or omissions of Seller, its officers, employees, agents or subcontractors, whether or not negligent, except when due to the sole negligence of Buyer.

B. Seller shall indemnify, defend, protect and hold harmless Buyer, its employees, agents, servants, successors and assigns from all costs, expenses, including reasonable attorneys' fees, damages or claims arising out of infringement or claim of infringement of any patent rights, trademark, tradename or copyright based on the sale, purchase or use of the items or services covered by this Purchase Order. Seller further agrees without in any way limiting any other remedies Buyer, its successors and assigns might have against Seller, that in the event of any such claim, and if required by Buyer, Seller shall at its expense and at no cost to the Buyer do one of the following:
1. Procure for Buyer the right of license to use and continue to use said items and/or services; or
2. Replace said items or services with non-infringing items and/or services of like or superior kind, productivity, efficiency, quality and value; or
3. Modify said items and/or services so as to become non-infringing. Should the items and/or services be modified, as provided herein, such modification shall not reduce the usefulness or productivity of same.

**SECTION 4: WARRANTIES:**
A. Seller expressly warrants that title to all items sold to Buyer under this Purchase Order or services performed by or on behalf of Seller for Buyer under this Purchase Order will pass to Buyer upon delivery to Buyer free and clear of all liens, claims, security interests or encumbrances and that no materials, equipment or supplies incorporated into any items sold to Buyer or any services hereunder performed by or on behalf of Seller for Buyer hereunder will have been acquired by Seller subject to an agreement under which any interest therein or any encumbrance thereon is retained by the Seller thereof which will survive delivery to the Buyer.

B. Seller expressly warrants that all items sold to Buyer hereunder and all services performed by or on behalf of Seller for Buyer hereunder shall conform to the specifications included or incorporated in this Purchase Order and that all items sold to Buyer hereunder shall be fit and sufficient for the purpose intended if Seller knows or has reason to know the intended use, of merchantable quality, and new and free from defects in materials or workmanship for a period of one (1) year from the date of delivery or completion of installation whichever is later. Seller further warrants that all work performed hereunder shall be free from all defects or workmanship and material for a period of one (1) year from date of acceptance of such work by Buyer. All warranties shall survive inspections, test and acceptance by Buyer, and Seller's obligations under these warranties shall not be affected by inspection, test, acceptance or use. If any such items or services are manufactured or provided by others than the Seller, Seller shall, in addition to the warranties of same made by Seller as above provided, transfer and assign such warranties of the manufacturer or provider to Buyer. Seller agrees to replace or correct defects in any such items or services not conforming to the foregoing warranties made by it promptly, without expense to Buyer, upon notice by Buyer. In the event of failure by Seller to correct defects in or replace nonconforming items or services promptly, Buyer, after reasonable notice to Seller, may make such correction or replacement and charge Seller for the costs incurred by the Buyer thereby.

**SECTION 5: PASSAGE OF TITLE:** Title to all items sold to Buyer hereunder and all services performed by or on behalf of Seller for Buyer hereunder shall pass to the Buyer upon delivery of same by Seller to Buyer's DAP Buyer's plant designated by Buyer on the face hereof (Incoterms 2010). All risk of loss or damage to said items and services prior to such delivery shall fall upon Seller and if items purchased hereunder are of an explosive, inflammable, toxic or otherwise dangerous nature, Seller shall defend and hold Buyer harmless against any claims asserted against Buyer on account of any personal injury or property damages caused by such materials, or by the transportation thereof, prior to the completion of unloading at Buyer's plant.

**SECTION 6: SHIPMENT AND DELIVERY:** Time is of the essence of this Purchase Order. Therefore, Seller agrees to deliver all items sold to Buyer hereunder and all services to be performed by or on behalf of Seller for Buyer hereunder on or prior to the date designated by Buyer on the face hereof and if any shipment or delivery is made which is not in all respects in accord with this Order (including time of shipment or delivery), Buyer reserves the right to reject such delivery and, if Buyer so elects, Buyer may treat this Order as repudiated by Seller and cancel any outstanding deliveries hereunder, without prejudice to Buyer's rights to claim damages or to enforce any other remedy provided by law. Seller will ship said items and perform said services in a manner consistent with general industry practice so as to minimize any damage to said items while in transit. The Purchase Order number designated by Buyer on the face hereof must appear on all invoices, packing lists, packages, cartons, containers and crates as regards each shipment made pursuant to this Purchase Order. Buyer is not responsible for any charge for packing, boxing, storage or cartage.

**SECTION 7: INDEPENDENT CONTRACTOR:** Seller agrees that in the performance of this Purchase Order, Seller shall act as an independent Contractor and all of its agents, and employees, and agents and employees of its subcontractors, shall be subject solely to the control, supervisions and authority of Seller.

**SECTION 8: FORCE MAJEURE:** Neither party shall be liable for delay in its performance of its obligations and responsibilities under this Purchase Order due to causes beyond its control such as, but not limited to, war, embargo, national emergency, insurrection or riots, acts of the public enemy, fire, flood or other natural disaster, provided that said party has taken reasonable measures to notify the other, in writing, of the delay. Failure of subcontractors and inability to obtain materials shall not be considered as an excusable delay. If due to such cause, Seller should be unable to meet all of its delivery commitments for items ordered hereunder as they become due, Seller shall not discriminate against Buyer or in favor of any other customer in making deliveries of such items. However, if Buyer believes that the delay or anticipated delay in Seller's deliveries may impair its ability to meet its production schedules or may otherwise interfere with its operation, Buyer may at its option, and without liability to Seller, cancel outstanding deliveries hereunder wholly or in part.

**SECTION 9: INSURANCE:**
A. Minimum General Requirements. Unless agreed to otherwise in writing by Buyer, at a minimum, Seller shall procure and maintain the following insurance:
(i) Worker's Compensation – statutory limits and Employers' Liability – $500,000 per occurrence.
(ii) Commercial General Liability – Including Independent Contractors (if any on site), Contractual, Products, Completed Operations, Personal & Advertising Injury – $1,000,000 per occurrence Combined Single Limit
(iii) Automobile Liability – $1,000,000 per occurrence Combined Single Limit.

B. Seller Specific Requirements. Seller may also be required to procure and maintain additional insurance, including, but not limited to additional types of insurance and greater limits of insurance agreed to by Seller during Buyer's vendor registration and approval process on the Graphic Packaging Supplier Registration Portal at: https://www6.austintetra.com/graphicpackaging/registration/ ("Vendor Registration"). These agreed upon insurance requirements are evidenced and verified by the certificates of insurance provided by Seller to Buyer as required by Vendor Registration, which requirements and certificates are incorporated herein by reference.

C. Requirements for All Policies. Seller shall deliver to Buyer, prior to commencement of services or the sale of items and upon renewal of policies, certificates of insurance evidencing the required limits and containing the following language: "Graphic Packaging International, LLC, its parent, subsidiaries, and affiliates are listed as Additional Insured on all policies, except Workers' Compensation, Employers' Liability and Professional Liability, where and to the extent required by written contract or written agreement with the Named Insured. Unless prohibited by law, policies shall also include a waiver of subrogation in favor of Buyer; policies of Seller shall be primary and any insurance carried by Buyer shall be excess and non-contributory. The Commercial General Liability policy shall include independent contractors, if any on site." All policies shall be written by companies licensed in the state where work shall be performed or items are produced and have a minimum AM Best Rating of "A-VII". The issuing company and/or the Seller shall endeavor to give Buyer at least thirty (30) days prior written notice of any cancellation or change in coverage, which adversely affects the rights and/or interests of Buyer.

**SECTION 10: LIEN WAIVERS:** Upon request of Buyer and in exchange for interim or final payment, Seller shall execute on behalf of itself and obtain from any of Seller's subcontractors, materialmen, mechanics, laborers, any other persons, firms, corporations or entities possessing any right to any lien under applicable law, interim or final affidavits and lien waivers for any performance or work done hereunder and for any items sold hereunder or services performed. Seller hereby agrees to promptly pay any lien and Seller shall indemnify, protect and hold harmless Buyer, its successors and assigns from all costs, expenses, including reasonable attorneys' fees, damages or claims arising out of any of Seller's subcontractors or disputes between Seller and it subcontractors or other said entities or from failure of Seller to promptly pay its subcontractor and other entities possessing any right to any lien.

**SECTION 11: COMPLIANCE WITH LAW:** Buyer hereby notifies Seller that Buyer is a government contractor. Consequently, Seller and Buyer shall abide by the requirements of 41 CFR §§ 60-1.4(a), 60-300.5(a) and 60-741.5(a). These regulations prohibit discrimination against qualified individuals based on their status as protected veterans or individuals with disabilities, and prohibit discrimination against all individuals based on their race, color, religion, sex, or national origin. Moreover, these regulations require that covered prime contractors and subcontractors take affirmative action to employ and advance in employment individuals without regard to race, color, religion, sex, national origin, protected veteran status or disability.

Seller currently observes and will continue to observe the requirements of the Drug-Free Workplace Act of 1988. Seller will also comply with all provisions of the OSHA Hazard Communication Standard (29) CFR 1910.1200, et seq.) including Seller's obligation to furnish any applicable material safety data sheets, together with appropriate labels and employee training and instruction materials. Seller will comply with requirements of the Fair Labor Standards Act of 1938, as amended, and all applicable United States Department of Labor Regulations promulgated thereunder or otherwise dealing with wages and hours of work, and shall certify at time of delivery said compliance. Seller shall not, under any circumstances, in connection with the work to be performed hereunder, cause or permit the discharge, emission, release, storage, disposal or transportation of any pollutant, hazardous contaminant, toxic or other substance in violation of any applicable laws, rules or regulations which are now or hereafter promulgated by Federal, state, or local authorities. Seller further agrees to comply with any and all applicable federal, state and local laws, orders and regulations not specifically referenced herein.

**SECTION 12: SALES AND/OR USE TAXES:** Seller, as a contractor, will pay and be solely responsible for any and all sales and/or use taxes on all materials, supplies and equipment used in the furnishing of the items and/or services which are the subject of this Purchase Order and otherwise in the performance of Seller's obligations under this Purchase Order, all in accordance with applicable law. Unless otherwise provided herein, prices shown on this Purchase Order are deemed to include all taxes not expressly imposed by law on the Buyer of the items ordered hereunder.

**SECTION 13: STATUTORY EMPLOYMENT:** If services are to be performed at Buyer's facilities in the state of Louisiana, it is agreed that pursuant to the provisions of Louisiana Revised Statutes 23:1061(A)(3), that it is the intent and agreement of the parties hereto that the relationship of the Buyer (owner) to the direct employees and the statutory employees of the Seller (contractor) be that of a statutory employer.

**SECTION 14: COMPLETE AGREEMENT:** This Purchase Order, including the general terms and conditions hereof, represents the entire agreement between Seller and Buyer with respect to the items sold to Buyer under this Purchase Order and the performance of services by or on behalf of Seller for Buyer under this Purchase Order. All prior agreements, representations, statements, negotiations, and undertakings, whether oral or written, are superseded hereby.

**SECTION 15: GOVERNING LAW:** Seller and Buyer agree that the terms and provisions hereof shall be carried out and interpreted according to the laws of the State of Georgia.

Company Name: _____

Accepted by: _____ / _____
               Authorized Signature        Printed Name

Title: _____ Date: _____



**M.L. SMITH, JR., LLC**
TANKS AND REFRACTORIES
Ruston, LA • (318) 255-4174 • www.mlsjr.com

# Invoice

Invoice#: 180203
Date:     02/12/2018
Job #:    1081380502

**Billed To:** Graphic Packaging Intrl, Inc.
Accounts Payable
PO Box 35800
West Monroe LA 71294

**Project:** Graphic Packaging - Field Black Liquor Reclaim Ta
1000 Jonesboro Rd.
West Monroe LA 71292

Due Date: 05/13/2018    Terms: 90DY    Customer PO: 4504845349

| Description | Amount |
| --- | --- |
| EVAP AREA BLACK LIQUOR RECLAIM TANK<br>FIELD LABOR AND EQUIPMENT<br>FINAL INVOICE - JOB COMPLETE | 83,314.00 |

Notes:

Thank you for your business!!



EXHIBIT B

| | |
| --- | --- |
| Non-Taxable Amount: | 83,314.00 |
| Taxable Amount: | 0.00 |
| Sales Tax: | 0.00 |
| Amount Due | 83,314.00 |