UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BRANDON MORRIS** | **CIVIL ACTION NO. 3:19-cv-00266** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GRAPHIC PACKAGING INTERNATIONAL, LLC** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT
## BY GRAPHIC PACKAGING INTERNATIONAL, LLC

MAY IT PLEASE THE COURT:

Graphic Packaging International, LLC. ("GPI"), Defendant herein, has filed a motion for summary judgment as there is no genuine issue of material fact as to any matter that bears upon the issues in this litigation. As will be shown herein, the claims of the Plaintiff, Brandon Morris ("Morris") and the Intervenor, Zurich American Insurance Company ("Zurich"), should be dismissed with prejudice as a matter of law.

## FACTS

Morris has alleged that at the time of his purported injury he was in the course and scope of his employment with M. L. Smith, Jr., L.L.C. ("M L Smith") (Petition, Paragraph 7). M. L. Smith had contracted with GPI for the construction of the replacement black liquor reclaim tank, and Morris was one of the workers on that project (Petition, Paragraphs 2, 3, 7 and 8; Affidavit of Peggy Gross, Exhibit A). Morris alleges that while working on that project he suffered chemical burns to his feet. Morris has alleged that those injuries were caused by the "fault and negligence of defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC". *See* Petition at Paragraphs 9, 10

and 11.[1]

GPI has admitted that it did enter into a contract with M L Smith for the replacement of the black liquor reclaim tank and that such services were to be performed at GPI's facility near West Monroe, Louisiana. GPI Answer at Paragraph 4. These services were being performed in the recovery area of GPI's facility. The recovery area is the portion of the facility where the waste materials from making pulp from the kraft pulping process are processed in order to recover the pulping chemicals for reuse and to burn the remaining organic material for the production of steam and power for the GPI facility. Thus the recovery process has three benefits for GPI: (1) recovery for reuse of pulping chemicals, (2) recovering the chemicals and reducing effluent to make the process more environmentally safe, and (3) production of steam and power for use in the production process. *See generally,* Affidavit of Kenneth Robert Meissner ("Meissner Affidavit").

The kraft recovery process is an integral part of the kraft pulp process which allows the paper mill to produce liner board, carton board, corrugated medium and other products economically and with as little impact to the environment as possible. The kraft pulping process has been in use since the late 1800's and the recovery process has enhanced the ability to produce paper products in kraft paper mills since the 1920's. *See generally,* Meissner Affidavit.

The contract between GPI and M L Smith included a provision which specifically made GPI the statutory employer of the employees of M L Smith under the provisions of La. R.S. 23:1061(A)(3). *See* Affidavit of Peggy Gross, Exhibit A, General Terms and Conditions, Section 13. As the statutory employer of Morris, GPI is entitled to the benefits of the immunity from suit

---

[1] Morris has alleged that his injuries were substantially certain to have occurred in an attempt to plead an exception to the worker's compensation exclusivity rule be claiming an intentional act, however, there are no facts plead by Morris that constitute any such claim, and no such facts can be plead in this matter.

from its statutory employees under the exclusive remedy provisions provided by La. R.S. 23:1032 and therefore summary judgment should be granted and this matter dismissed with prejudice as to Morris and Zurich.

## LAW AND ARGUMENT

A. **SUMMARY JUDGMENT STANDARDS**

This Court has previously stated the standard for summary judgment motions as follows:

> Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir.1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.
>
> If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir.1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

*Pettiford v. Graphic Packaging International, Inc.*, Civil Action No. 12-2883, 2013 WL 5303640 (W. D. La. September 20, 2013).

B. **MORRIS CANNOT ESTABLISH ANY GENUINE ISSUE OF MATERIAL FACT**

In its Answer, GPI in its Third Affirmative Defense, has alleged that GPI is the statutory

3

employer of Morris, and as such, is immune from suit by Morris (and Zurich which derives its rights through Morris) under the exclusive remedy provisions of the Louisiana Workers' Compensation Law, La. R.S. 23:1020.1, *et seq.*  As the statutory employer of Morris, the provisions of La. R.S. 23:1032 and 23:1061 make the worker's compensation provisions the sole remedy for Morris, and he is not entitled to bring an action in tort against GPI.

La. R.S. 23:1032 (A)(1)(a) provides that except for intentional acts (for which no facts have been alleged in this matter), a worker's remedies under the Louisiana Workers' Compensation Law are "exclusive of all other rights, remedies and claims for damages, ... against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease."

La. R.S. 23:1032(A)(2) defines a "principal" as:

> For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

La. R.S. 23:1061 sets forth the protections provided to a "principal" by the Louisiana Workers' Compensation Law, and in particular provides for a statutory employer relationship which makes a "principal" the beneficiary of the exclusive remedy provisions.  In particular, La. R.S. 23:1061 (A)(3) provides:

> (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, *unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer*. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the

4

> principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

Emphasis supplied.

As set forth in the uncontested facts, the contract between GPI and M L Smith for the work to be performed on the black liquor reclaim tank included a specific provision that recognized that for work being performed in Louisiana, that GPI would be considered to be the statutory employer of the employees of M L Smith under La. R.S. 23:1061 (A)(3). Therefore under the provisions of the contract between M L Smith and GPI, GPI, as the statutory employer of M L Smith's personnel (including Morris) would be immune from suit from such employees under La. R.S. 23:1032 (A)(1)(a).[2]

The provisions of La. R.S. 23:1061 (A)(3) establishes a rebuttable presumption that may only be overcome by a "showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products or services." Thus, once there is a showing that the contract between GPI and M L Smith has the provision contemplated by §1061 (A)(3), the burden then shifts to the plaintiff to show the work he was performing was not an integral part of or essential to GPI. Morris cannot do this in this matter.

It is of further note, that this issue has been addressed by this Court with GPI previously, although with different contractors, but construing the exact same GPI contract language. In *Pettiford v. Graphic Packaging International, Inc., Civil Action No. 12-2883, 2013 WL 5303640* (W.

---

[2]Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, ... as against his employer, *or any principal or any officer, director, stockholder, partner, or employee of such employer or principal*, for said injury, or compensable sickness or disease. Emphasis supplied.

5

D. La. September 20, 2013) this Court recognized its prior decisions and upheld the GPI contract language stating:

> This Court has previously acknowledged that Section 13 of GPI's Terms recognizes GPI as a statutory employer of its contractors' direct employees. *See Nielsen v. Graphic Packaging Int'l, Inc.*, Civil Action No. 09–1757, 2011 WL 2462496 (W.D. La. June 17, 2011) *aff'd*, 469 F. App'x 305 (5th Cir.2012) (finding that identical language in a GPI Purchase Order was sufficient to recognize a statutory employment relationship) and *Gilbreath v. Averitt Express, Inc.*, Civil Action No. 09–1922, 2011 WL 121892 (W.D.La. Jan. 13, 2011) (same).

*Id*. at page 3. *See also Phillips v Graphic Packaging International, LLC*, Civil Action No. 12-2850, 2013 WL 5375883 (W.D. La. Sept. 24, 2013).

As shown by the Affidavit of Kenneth Robert Meissner filed with GPI's Motion for Summary Judgment, the black liquor reclaim tank (which was being replaced) is an essential part of the continuous kraft pulping recovery process which is required in order to produce the coated paperboard and other products economically and to the quality specifications required by GPI's customers.[3] Without the recovery process, of which the black liquor reclaim tanks are an essential part, GPI would not be able to economically produce its products for its customers in an environmentally safe process. Thus the work being performed by Morris was "an integral part of and essential" to GPI's ability to generate its products and GPI is entitled to the protections of the exclusive remedy provision.[4]

## **CONCLUSION**

As set forth above, it is clear that GPI is the statutory employer of Plaintiff, Brandon Morris,

---

[3] As shown in the Meissner Affidavit at Paragraph 7, GPI produces 2,100 tons (4,200,000 pounds) of black liquor per day which must be processed for the recovery of pulping chemicals, reduction of effluent, and production of steam and power for the plant process.

[4] La. R.S. 23:1061 A. (3).

under the contract between GPI and M L Smith, Morris' direct employer.  Morris (and Zurich) is unable to rebut the presumption that the work being performed by him at the time of the alleged incident was not an integral part of or essential to the ability of GPI to generate it's goods, products or services.  Accordingly, there is no genuine issue of fact with regard to GPI's entitlement to the protections of the exclusive remedy provisions of the Louisiana Workers' Compensation Law, and GPI is entitled to judgment dismissing all of the claims of Brandon Morris and Zurich American Insurance Company with prejudice and at the cost of Brandon Morris and Zurich American Insurance Company.

        Respectfully submitted,

        SHOTWELL, BROWN & SPERRY,
        A Professional Law Corporation
        1101 Royal Avenue (71201)
        P. O. Box 14140
        Monroe, Louisiana 71207-4140
        Telephone: (318) 388-4700
        Facsimile: (318) 388-4736
        Email: camiii@centurytel.net

        By:     s/C. A. Martin, III
             C. A. Martin, III   No. 8970

        Attorneys for Graphic Packaging International, Inc.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum in Support of Motion for Summary Judgment by Graphic Packaging International, LLC was filed electronically and served by operation of the Court's CM/ECF system on this 10th day of September, 2019, on the following counsel of record:

      John F. Bruscato
      The Bruscato Law Firm
      709 Arkansas Avenue
      Monroe, Louisiana 71202
      john@bruscatolaw.com

      Jennifer L. Simmons
      Joseph L. Schrempp
      Melchiode Marks King LLC
      639 Loyola Avenue, Suite 2550
      New Orleans, Louisiana 70113
      jsimmons@mmkfirm.com
      jschrempp@mmkfirm.com

                                            s/C. A. Martin, III
                                            C. A. Martin, III   No. 8970